UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                                    }
MICHAEL J. CLARK and,                     }
TABATHA T. CLARK                          }
                                          }   Case No. 10-40215-JJR-13
                  Debtors.                }

## OPINION AND ORDER DISMISSING CASE

This matter came before the Court on the Notice to Show Cause (Doc.19) as to why the above case ("2010 case") should not be dismissed due to the Debtors having an active chapter 13 case, i.e. case 08-40195 ("2008 case"), that was pending at the time the 2010 case was filed. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order.

Section 362(c)(3) of the Bankruptcy Code[1] provides, in essence, that when a debtor files a case under chapter 7, 11 or 13, "if a . . . case of the debtor *was* pending within the preceding 1-year period but *was dismissed* . . . the stay shall terminate . . . on the 30th day after the filing of the later case [unless on the motion of a party in interest], after notice and a hearing completed before the expiration of the 30-day period . . . the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . . ." (emphasis added). The later case is presumed to have been filed not in good faith, and the burden is on the movant to prove by clear and

---

[1] 11 U.S.C. § 101 *et seq*, and herein the "Bankruptcy Code" or "Code." Unless the context indicates otherwise, all "Section" references are to a section, subsection or other subdivision of the Code.

convincing evidence to the contrary. Section 362(c)(3)(C).

Sections 362(c)(3) and (4) were enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 for the purpose of making it more difficult for serial bankruptcy petitioners to abuse the automatic stay.[2] By filing the 2010 case before the 2008 case was dismissed,[3] and whether they intended to or not, the Debtors avoided Section 362(c)(3) and the ensuing 30-day expiration of the automatic stay and presumption of bad faith, which would have applied if their 2008 case "was pending within the preceding 1-year period but was dismissed." This Court concludes that Congress did not intend for Sections 362(c)(3) and (4) to be so easily sidestepped.[4]

To demonstrate their good faith, the Debtors filed a Motion to Extend the Automatic Stay (Doc. 13) on the day after they filed the 2010 case. But when the Debtors filed the 2010 case, they had no case pending in the preceding 1-year that had been dismissed. Thus, Section 362(c)(3) did

---

[2] In addition to the 2008 and 2010 cases, the Debtors had filed another chapter 13 case in 1998 in which they received a discharge in 2003. The Court makes no finding of whether the Debtors' three cases qualifies them as serial bankruptcy petitioners.

[3] In the 2008 case, the holder of the Debtors' mortgage filed a motion for relief from stay, and an order conditionally denying relief was entered July 9, 2008. On January 7, 2010, the trustee filed a motion to dismiss the 2008 case for failure to make direct mortgage payments. Thus, the Court assumes that the Debtors defaulted on the terms of the July 9, 2008 order and the stay accordingly lifted. Per statements of Debtors' counsel in open court, the 2010 case was filed as an effort to save the Debtors' home from foreclosure. *See infra* note 5.

[4] By filing the 2010 case before the 2008 case was dismissed, the Debtors also avoided the possible application of Section 109(g)(2), which provides for a 180 day bar from filing a new petition if "the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." A voluntary dismissal of the 2008 case could have triggered Section 109(g)(2) and prevented Debtors from filing a new case until the expiration of the 180-day period since the stay had recently been lifted in the 2008 case. The 2010 filing could be construed as an attempt to sidestep the operation of Section 109(g)(2), further evidencing bad faith.

2

not apply, the stay would not have expired in 30 days and there was no presumption of bad faith; there was no basis for filing the Motion.

Before a chapter 13 plan may be confirmed, Section 1325(a)(7) requires that the "action of the debtor in filing the petition was in good faith." The filing of a subsequent chapter 13 case while another is pending, whether or not the debtor intended to avoid the presumption of bad faith and possible loss of the stay under Section 362(c)(3), constitutes bad faith per se. If the Debtors' case was filed in bad faith, no plan may be confirmed, and the case is due to be dismissed.[5]

THEREFORE IT IS ORDERED, ADJUDGED and DECREED that, for the foregoing reasons, the 2010 case (i.e. case no. 10-40215) is hereby DISMISSED. This Order shall constitute a judgment entered pursuant to Rule 9021.

Dated: March 5, 2010

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

[5] At the hearing on the Notice to Show Cause, Debtors' counsel represented that the 2010 case was not filed in bad faith because the Debtors' mortgage holder, who received stay relief in the 2008 case, urged the Debtors to file the 2010 case to avoid foreclosure. The Court is certain counsel's representations are accurate; however, even if the mortgage holder's conduct were considered a waiver of Section 362(c)(2), in their schedules the Debtors listed 43 additional creditors with claims exceeding $38,000 who have done or said nothing that can be construed as such a waiver.

3